UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| TERRY EDWARD FLOYD, | ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | No.: 3:12-cv-544 (VARLAN/SHIRLEY) |
| SHERIFF G.W. McCOIG and NURSE JUDY WALKER, | ) ) ) | |
| *Defendants*. | ) | |

## MEMORANDUM

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983 filed by plaintiff Terry Edward Floyd ("plaintiff"). The matter is before the Court on the defendants' motion for summary judgment. Plaintiff has not filed a response to the defendants' motion for summary judgment and the Court deems plaintiff to have waived his opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.*, 577 F.2d 740 (6th Cir. 1978); E.D.TN. LR7.2. For the following reasons, the defendants' motion for summary judgment [Doc. 18] will be **GRANTED**.

I.   **Standard of Review**

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the

nonmoving party.  *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).  "Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law."  *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009) (internal quotations marks omitted).  The burden is on the moving party to conclusively show that no genuine issue of material fact exists.  *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

Summary judgment should not be disfavored and may be an appropriate avenue for the "just, speedy and inexpensive determination" of an action.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  The moving party is entitled to judgment as a matter of law "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Id*. at 322.

**II.     Factual Background**

Plaintiff's complaint involves an alleged denial of medical treatment during his confinement in the Jefferson County Jail; he has since been released from custody.  The defendants are Jefferson County Sheriff G.W. McCoig and jail nurse Judy Walker.

Plaintiff alleges that on October 18, 2011, he injured the little finger on his left hand when he blocked a football that was tossed toward him by other inmates.  According to plaintiff, the officer on duty looked at his finger and, believing it was broken, called defendant Walker and asked for permission to take plaintiff to the emergency room.  The

2

request was denied. Defendant Walker looked at plaintiff's finger the next morning and told him it was "stoved up." Plaintiff alleges that he repeatedly asked defendant Walker to see a doctor over the next several days, but she refused. Plaintiff further alleges that defendant Walker told him that defendant McCoig refused to give permission for medical treatment for plaintiff. Eventually, plaintiff's finger was x-rayed by the jail doctor on November 2, 2011, who said the finger was severely dislocated and that plaintiff needed to see an orthopedic specialist. Plaintiff was seen by Dr. John Ambrosia at the Knoxville Orthopedic Clinic on November 4, 2011, and emergency surgery was scheduled for November 9, 2011. Plaintiff alleges that Dr. Ambrosia told him the surgery could have been avoided had the finger been set right away. Plaintiff thus claims that the delay in treatment caused the severity of damage to his finger. Plaintiff was seen by Dr. Ambrosia on November 11, 2011, for a post-operative appointment and was released from the Jefferson County Jail on November 14, 2011. [Doc. 2, Complaint, p. 4, Statement of Claim].

**III.    Discussion**

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

3

Case 3:12-cv-00544-TAV-CCS   Document 21   Filed 02/21/14   Page 3 of 7   PageID #: 76

The Eighth Amendment's ban against cruel and unusual punishment obliges correctional authorities to provide medical care for prisoners' serious medical needs. In order to state a claim under § 1983 in the medical context, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, under the Estelle standard, "[a] constitutional claim for denial of medical care has objective and subjective components." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004).

The objective component requires an inmate to establish that he is suffering from a sufficiently serious medical need, such that "'he is incarcerated under conditions posing a substantial risk of serious harm.'" *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The subjective component necessitates an inmate show that a prison official possessed a culpable state of mind. *Id*. "A defendant possess[es] a sufficiently culpable state of mind when he acts with deliberate indifference." *Carter v. City of Detroit*, 408 F.3d 305, 312 (6th Cir. 2005) (citation omitted). "Put simply, 'deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'" *Johnson v. Karnes*, 398 F.3d 868, 875 (6th Cir.2005) (quoting *Farmer v. Brennan*, 511 U.S. at 836).

Negligence, even gross negligence, will not support a § 1983 claim for denial of medical care. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Gibson v. Foltz*, 963 F.2d 851, 853 (6th Cir. 1992). "Deliberate indifference to serious medical needs" is distinguishable from an inadvertent failure to provide adequate medical care. "Thus, a

4

complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. *See also Gibson v. Matthews*, 926 F.2d 532, 536-37 (6th Cir. 1991) (negligence of medical personnel does not state a claim under § 1983 for deliberate indifference to medical needs); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.").

In support of their motion for summary judgment, the defendants have filed their affidavits. [Doc. 18, Motion for Summary Judgment, Attachments 1 and 2]. Defendant Walker testifies that she first learned of plaintiff's injury on October 20, 2011, when he asked her to look at his hand while she was doing her rounds. [*Id.*, Attachment 1, Affidavit of Judy Walker, p. 2]. The little finger on plaintiff's left hand was slightly swollen and he complained of discomfort so she prescribed ibuprofen to be taken twice daily. [*Id.*]. Defendant Walker testifies that she received no other complaints from plaintiff, that he continued to receive appropriate medication, and that she arranged for an x-ray of his finger to be taken on November 1, 2011. She received and reviewed the x-ray report on November 2, 2011. [*Id.*]. Defendant Walker next arranged for plaintiff to have his finger evaluated at the Knoxville Orthopedic Clinic; he was seen initially on November 4, 2011, and received further treatment on November 9, November 11, and November 23, 2011. [*Id.* at 3]. Copies

5

of the x-ray report and the medical records from Knoxville Orthopedic Clinic are attached as an exhibit to defendant Walker's affidavit. [*Id.*, Exhibit A].

Defendant McCoig testifies that he first learned of plaintiff's injury when informed of the x-ray. [*Id.*, Attachment 2, Affidavit of G.W. "Bud" McCoig, p. 1]. He further testifies that he, along with defendant Walker, arranged for plaintiff's release from the jail on furlough on three occasions in order to be treated at the Knoxville Orthopedic Clinic. [*Id.* at 1-2]. Defendant McCoig denies that he refused to allow medical treatment for plaintiff.

It is clear based upon the record that plaintiff received medical treatment for the injury to his little finger. As noted, plaintiff has not responded to the motion for summary judgment nor has he presented the Court with proof, other than his self-serving statements, that any delay in treating his injury resulted in unnecessary surgery or further damage to his finger. *See Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001). "Specifically, we adopt the holding in *Hill* that '[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed.'" *Id.* at 742 (quoting *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1188 (11th Cir. 1994)). *See also Rumsey v. Martin*, 28 F. App'x 500, 502 (6th Cir. 2002) (plaintiff inmate did not submit "medical evidence which clearly show[ed] that his condition deteriorated because of a delay in filling his prescriptions"). Under the circumstances, the Court finds that the defendants are entitled to judgment as a matter of law and their motion for summary judgment will be granted.

**IV. Conclusion**

The defendants' motion for summary judgment will be **GRANTED** and this action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE